IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ROY DAY,                              :
                                      :
                Plaintiff,            :
                                      :
        v.                            :        C.A. No. 16-200-LPS
                                      :
WILLIAM (BILL) LOUCKS, et al.,        :
                                      :
                Defendants.           :

## MEMORANDUM ORDER

At Wilmington this 2nd day of June, 2016;

IT IS ORDERED that: (1) the complaint and its supplement is DISMISSED; (2) all pending

motions (D.I. 1, 4, 5, 7) are DENIED as moot; and (3) the case is CLOSED, for the reasons that

follow:

1. **Introduction**. Plaintiff Roy A. Day ("Day"), a *pro se* litigant, has engaged in filing

numerous lawsuits that contain frivolous legal arguments and that are vexatious and abusive of the

judicial process.[1] On July 26, 2013, the court entered an order and enjoined Day "from filing,

without prior authorization of this court, any complaint, lawsuit, or petition for writ of mandamus in

an effort to avoid the sanctions imposed upon him by the United States District Court for the

Middle District of Florida or regarding or relating to a criminal misdemeanor stalking case filed

against him on July 6, 2009, in the Circuit Court of the Sixth Judicial Circuit in and for Pasco

County, Florida wherein he was found guilty and sentenced, including, but not limited to, actions

---

[1]Day's litigation history is more fully described in the court's July 26, 2013 order that enjoins
Day from filing certain lawsuits, including those that are filed here in an effort to avoid sanctions
imposed upon him by the United States District Court for the Middle District of Florida. *See Day v.
Toner*, Civ. No. 12-1715-LPS at D.I. 31 (D. Del. July 26, 2013), affirmed on appeal, *Day v. Toner*, 549
F. App'x 66 (3d Cir. Jan. 10, 2014).

against the State of Florida, Sheriff Bob White, Pasco County Sheriff's Department, Major Brian
Head, Detective Daniel Toner, Donna H. Newton, Daniel Diskey, Brian Aungst, Jr., Mary Flanerty,
Wal-Mart Stores, Inc., James Schroder, Debra Roberts, Chris Sprowls, Lynda Barack, Sabrina
Farides, Elaine Horne, Laurie Nourse, Stanley R. Mills, Elizabeth Kovachevich, Susan H. Black, J. L.
Edmondson, and Steve E. Ibison." *Day*, Civ. No. 12-1715-LPS at D.I. 31.

2. **Discussion**. The July 26, 2013 memorandum order in Civ. No. 12-1715-LPS provides
that Day must file a motion for leave to file with any new complaint, lawsuit, or petition for writ of
mandamus that he proposes to file, and that he must attach a copy of the July 26, 2013
memorandum order to it. As an exhibit to any motion seeking such leave, there must also be
attached a declaration prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that
(a) the document raises a new issue that has never been previously raised by the filer in this or any
other court, (b) the claim or issue is not frivolous, (c) the document is not filed in bad faith, and (d) a
statement as to the basis for jurisdiction and venue in the District of Delaware.

3. Day recently filed a new complaint in this court against Defendants William (Bill) Loucks
("Loucks"), Anthony J. DeSantis ("DeSantis"), and 21st Century Centennial Insurance Company
("21st Century"), raising allegations concerning an automobile accident that occurred in Florida,
damage to his vehicle by an uninsured driver, a claim for damages against the insurer of his vehicle –
21st Century – and breach of the insurance contract by 21st Century.  (D.I. 2)  On May 31, 2016, he
filed a supplement to the Complaint.  (D.I. 7)

4. Rather than file a separate motion and declaration or affidavit before filing a new action,
as required by the Court, Day included a statement in the beginning of the instant complaint that the
complaint raises new facts, issues, and questions that have never been previously raised and never
entertained. Day states that the instant complaint is not frivolous and states a cause of action

2

pertaining to a June 23, 2012 motor vehicle accident involving Day's car, including a breach of contract by Defendants. (D.I. 2) Day also seeks leave to proceed *in forma pauperis*, moves to gain access to "PACER," moves to disqualify the undersigned judge, and moves for a service order and an emergency ruling. (*See* D.I. 1, 4, 5, 7)

5. The Court notes that, contrary to Day's statements, in April 2015 he filed an almost identical Complaint in this court against the same defendants.[2] *See Day v. Loucks*, 15-541-LPS at D.I. 2. The Complaint was dismissed on August 6, 2015 as barred by an order enjoining Day from filing a complaint without prior court authorization. *Id.* at D.I. 7. When the Court dismissed Civ. No. 15-541-LPS on August 6, 2015, it placed Day on notice that similar vexatious conduct in the future could result in monetary sanctions. *Id.* Day appealed, and the United States Court of Appeals for the Third Circuit affirmed the dismissal, stating, "the complaint that Day filed in this case falls squarely within the terms of [the] injunction." *Day v. Loucks*, ___ F. App'x ___, 2016 WL 851788, at *1 (3d Cir. Mar. 4, 2016).

6. The Court further notes that, in addition to Civ. No.15-541-LPS, the instant Complaint (D.I. 2) is strikingly similar to *Day v. 21st Century Centennial Insurance Company*, Civ. No. 12-1096-LPS ("*Day v. 21st Century*"), as it names two of the same defendants as in the instant Complaint (*i.e.*, 21st Century and DeSantis), contains allegations regarding the automobile accident that occurred in Florida, and raises breach of contract claims. *Day v. 21st Century* transferred that case to the United States District Court for the Middle District of Florida on August 11, 2014. *See Day*, Civ. No. 12-

---

[2]The main difference between the instant complaint and the complaint in Civ. No. 15-541-LPS is that instant complaint has 66 paragraphs instead of the 65 paragraphs in Civ. No. 15-541-LPS because of the inclusion of a new paragraph 9 in the instant complaint and renumbering of the paragraphs. Otherwise, the allegations are virtually identical.

1096-LPS at D.I. 71.  Day appealed the transfer, and the appeal was dismissed for lack of

jurisdiction.  *See Day v. 21st Century Centennial Insur. Co.*, No. 14-3634 (3d Cir. Apr. 28, 2015).

7.  Upon transfer to the Middle District of Florida, the case was assigned a new case number,

8:13-2048-T-36AEP, and defendants filed a motion to dismiss.  *See Day v. 21st Century Centennial Insur.

Co.*, 8:13-2048-T-36AEP (M.D. Fl.) at D.I. 89.  The motion was granted in part and the Complaint

was dismissed without prejudice.  *Id.* at D.I. 111.  Day was advised that he could seek to refile the

Complaint in the Middle District of Florida upon proof and documentation that he had paid the

monetary sanctions imposed on him pursuant to *In re Day*, Case No. 95-mc-143 (M.D. Fla.) at D.I.

60 and 61.  Day appealed to the United States Court of Appeals for the Eleventh Circuit, and the

appeal was dismissed.  *See Day v. 21st Century Centennial Insurance Co.*, No. 14-14999-E (11th Cir. Jan.

28, 2015).

8.  The instant Complaint and its supplement contain precisely the type of allegations that

Day has been enjoined from bringing.  The Complaint raises issues that were previously raised by

Day in the case that was transferred from this Court to the Florida District Court and in Civ. No.

15-541-LPS, discussed above, that was dismissed (a dismissal that was later affirmed by the Third

Circuit).  Once again, it appears that Day is attempting to avoid the sanctions imposed upon him by

the Florida District Court by filing in this Court.

9.  **Conclusion**.  The Complaint and its supplement is DISMISSED as violative of the terms

of the order enjoining Day from filing in this Court.  All pending motions are DENIED as moot.

(D.I. 1, 4, 5, 7)  Day is given one final notice that similar vexatious conduct in the future will result

in monetary sanctions.

_____
UNITED STATES DISTRICT JUDGE